## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISSA HADLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. 1:24-00333-N |
| | ) | |
| FRANK BISIGNANO, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Melissa Hadley brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.[2] Upon due

---

[1] Frank Bisignano's nomination to be Commissioner of Social Security was confirmed on May 6, 2025, and he began his term of service the following day. *See*:

- https://www.congress.gov/nomination/119th-congress/20 (last visited 9/29/2025)

- https://www.ssa.gov/history/commissioners.html (last visited 9/29/2025)

Accordingly, Bisignano was automatically substituted for former Acting Commissioner Leland Dudek as the party defendant in this action under Federal Rule of Civil Procedure 25(d), and this change does not affect the pendency of this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the title of this case on the docket accordingly.

[2] "Title XVI of the [Social Security] Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119

consideration of the parties' briefs (Docs# 15, 18) and those portions of the certified transcript of the administrative record (Doc# 12) relevant to the issues raised, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[3]

## I.     *Procedural Background*

Hadley protectively filed the subject SSI application with the Social Security Administration ("SSA") on November 24, 2021. After it was denied initially, and again on reconsideration, Hadley requested, and on December 1, 2023, received, a hearing on her application before an Administrative Law Judge ("ALJ") with the SSA's Office of Hearings Operations. On February 28, 2024, the ALJ issued an unfavorable decision on Hadley's application, finding her not entitled to benefits. (*See* Doc# 12, PageID.57-80).

The Commissioner's decision on Hadley's application became final when the Appeals Council for the SSA's Office of Appellate Operations denied her request for review of the ALJ's unfavorable decision on July 30, 2024. (*Id.*, PageID.44-48). Hadley subsequently brought this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be

---

(1987) (citing 42 U.S.C. § 1382(a)).

[3]     With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs# 9, 10).
         With the Court's agreement, the parties waived the opportunity to present oral argument. (*See* Docs# 20, 21).

subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.    *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South*, *LLC* v. *Roswell*, 574 U.S. [293], [301], 135 S. Ct. 808, 815, 190 L. Ed. 2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is "more than a mere scintilla." *Ibid*.; see, *e.g.*, [*Richardson v.*] *Perales*, 402 U.S. [389,] 401, 91 S. Ct. 1420[, 28 L. Ed. 2d 842 (1971)] (internal quotation marks omitted). It means—and means

only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. See *Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 587 U.S. 97, 102-03, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019).

In reviewing the Commissioner's factual findings, a court "'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless

4

there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[4]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light

---

[4] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

of all the relevant facts.").[5]

---

[5] However, the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009). *See also Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 8, 1981) (per curiam) ("It is the claimant who bears the weighty burden of establishing the existence of a disability within the meaning of the Act, and therefore the appellant has the burden of showing that the Secretary's decision is not supported by substantial evidence in the record." (citation omitted)); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (unpublished) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)

The "substantial evidence" "standard of review applies only to findings of

---

(applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue').");  *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding."); *Turner v. Social Security Administration, Commissioner*, No. 21-13590, 2022 WL 842188, at *2 (11th Cir. Mar. 22, 2022) (per curiam) (unpublished) ("An appellant forfeits an argument by 'mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority.' *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In her briefing, Turner states that the Appeals Council failed to request her records or obtain a consultative evaluation. But she cites no authorities or makes any other argument tending to establish that it had a duty to do so. She has therefore failed to adequately develop this argument, and it is forfeited."); *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) ("Harner's references to the substantiality of the evidence, the administrative law judge's analysis of her fibromyalgia, and the administrative judge's consideration of her daily activities as '[d]iminish[ing] the [p]ersuasiveness of [h]er [a]llegations' consist only of block quotations from and cursory mentions of various decisions of this and other courts. Harner failed to refer to the facts of her case or to provide any meaningful explanation as to how the decisions she cites apply to her claim, her arguments are forfeited."); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (per curiam) (unpublished) (appellant forfeited most challenges where "brief consist[ed] largely of block quotations with only passing or conclusory references to how the law and the relevant facts relate"); *Walker v. Comm'r, Soc. Sec. Admin.*, 835 F. App'x 538, 542 (11th Cir. 2020) (per curiam) (unpublished ("As the government notes, Walker's argument on this issue consists of lengthy block quotes to caselaw without any attempt to apply the law to the facts of this case. He has thus abandoned the issue by failing to develop his arguments.").

fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211

(11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). Moreover, an ALJ's decision must "state with at least some measure of clarity the grounds for [the] decision." *Owens*, 748 F.2d at 1516; *Winschel*, 631 F.3d at 1179. A court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[6] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Relevant here, eligibility for SSI requires a showing that the claimant is

---

[6] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

"disabled[,]" 42 U.S.C. § 1382(a)(1)-(2), meaning the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[7]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th

---

[7] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

If a court determines that the Commissioner reached a decision "by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)).

When, as here, the ALJ denies benefits and the Appeals Council denies review of that decision, a court "review[s] the ALJ's decision as the Commissioner's final decision[,]" *Doughty*, 245 F.3d at 1278, and the Court "will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

### III.    *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Hadley had not engaged in substantial

gainful activity since November 24, 2021, her application date. [8] (Doc# 12, PageID.62). At Step Two,[9] the ALJ determined that Hadley had the following severe impairments: thoracic degenerative disc disease; lumbar degenerative disc disease; sciatica; anemia; and generalized anxiety disorders. (Doc# 12, PageID.62-63). At Step Three, [10] the ALJ found that Hadley did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P,

---

[8] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Moore*, 405 F.3d at 1211. Hadley alleged disability beginning May 13, 2010. (*See* Doc# 12, PageID.60).

[9] "The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Yuckert*, 482 U.S. at 153. *See also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (Step Two "is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected.' " (quoting *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[A]n 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' A claimant's burden to establish a severe impairment at step two is only 'mild.' " *Schink*, 935 F.3d at 1265 (citation omitted) (quoting *McDaniel*, 800 F.2d at 1031).

[10] Step Three "identif[ies] those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Yuckert*, 482 U.S. at 153. *See also Sullivan v. Zebley*, 493 U.S. 521, 525, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) ("In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work … If the claimant's impairment matches or is 'equal' to one of the listed impairments, he qualifies for benefits without further inquiry."); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) ("If the claimant's condition meets or equals the level of severity of a listed impairment, the claimant at this point is conclusively presumed to be disabled based on his or her medical condition.").

App. 1. (Doc# 12, PageID.63-66).

At Step Four,[11] the ALJ determined that Hadley had the residual functional capacity (RFC) "to perform light work as defined in 20 CFR 416.967(b)[,]"[12] except

---

[11] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted). "[A]n ALJ's RFC assessment is an administrative finding based on all the relevant evidence, including both medical and nonmedical evidence." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065 (11th Cir. 2021).

[12] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the

for the following limitations: Hadley "can lift and carry 10 pounds frequently and 20 pounds occasionally [;] can sit for a total of 6 hours during an 8-hour workday, and can stand and walk for a total of 4 hours during an 8-hour workday[;] can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs[;] can perform no climbing of ladders, ropes, or scaffolds[;] can tolerate no concentrated exposure to extreme heat or cold[;] can tolerate no concentrated exposure to vibrations[;] can perform no work around unprotected heights [;] can perform simple, routine tasks with occasional workplace changes[;] can tolerate occasional interaction with the general public, and can sustain concentration and attention for two-hour periods with customary breaks." (Doc# 13, PageID.66-74). The ALJ also found that Hadley had no past relevant work. (*Id.*, PageID.75).

At Step Five, after considering testimony from a vocational expert,[13] the ALJ

---

regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. The criteria for "light" work are as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).
[13] "A vocational expert is an expert on the kinds of jobs an individual can perform

found that there exist a significant number of jobs in the national economy as a garment sorter (252,000 nationally), ticket printer/tagger (204,000 nationally), and marker (2.4 million nationally) that Hadley could perform given her RFC, age, education, and work experience. (Doc# 13, PageID.75-76). Thus, the ALJ found that Hadley was not under a disability as defined in the Social Security Act since her application date. (*Id.*, PageID.76).

## IV.    *Analysis*

Hadley claims that the ALJ reversibly erred by performing an insufficient persuasiveness evaluation of the prior administrative medical findings of the state agency psychological consultant [14] in accordance with the Social Security regulations. No reversible error has been shown.

Prior administrative medical findings are one category of evidence the

---

based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

[14] While both parties refer to the state agency consultant's findings as "medical opinions," they are more appropriately considered "prior administrative medical findings" under the Social Security regulations. *Compare* 20 C.F.R. § 416.913(a)(5) *with id.* § 416.913(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D) and (a)(2)(ii)(A) through (F) of this section."). *See also* 20 C.F.R. § 416.913a(b) (instructing how ALJs "will consider prior administrative medical findings and medical evidence from our Federal or State agency medical or psychological consultants"). Regardless, any misnomer is harmless, as both medical opinions and prior administrative medical findings are evaluated the same for all purposes relevant to this decision. *See generally* 20 C.F.R. § 416.920c.

Commissioner considers in making disability determinations. *See* 20 C.F.R. § 416.913(a). The regulations define "prior administrative medical finding" as "a finding, other than the ultimate determination about whether  [a claimant is] disabled, about a medical issue made by [the SSA's] Federal and State agency medical and psychological consultants at a prior level of review…in [the claimant's] current claim based on their review of the evidence in [the] case record, such as: (i) The existence and severity of [the claimant's] impairment(s); (ii) The existence and severity of [the claimant's] symptoms; (iii) Statements about whether [the claimant's] impairment(s) meets or medically equals any listing in the Listing of Impairments in Part 404, Subpart P, Appendix 1; (iv) If [the claimant is] a child, statements about whether [his or her] impairment(s) functionally equals the listings in Part 404, Subpart P, Appendix 1; (v) If [the claimant is] an adult, [his or her] residual functional capacity; (vi) Whether [the claimant's] impairment(s) meets the duration requirement; and (vii) How failure to follow prescribed treatment…and drug addiction and alcoholism…relate to [the claimant's] claim." *Id.* § 416.913(a)(5).

The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any…prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* § 416.920c(a). "When a medical source provides one or more…prior administrative medical findings, [the Commissioner] will consider those…prior administrative medical findings from that medical source together using [the following] factors[,]" *id.*: supportability, consistency, relationship with the claimant, specialization, and "other factors." *Id.* §

17

416.920c(c).

"The most important factors … are supportability … and consistency…" *Id.* §
416.920c(a); *accord id.* § 416.920c(b)(2). "Supportability" means that "[t]he more
relevant the objective medical evidence and supporting explanations presented by a
medical source are to support his or her…prior administrative medical finding(s),
the more persuasive the…prior administrative medical finding(s) will be." *Id.* §
416.920c(c)(1). "Consistency" means that "[t]he more consistent a…prior
administrative medical finding(s) is with the evidence from other medical sources
and nonmedical sources in the claim, the more persuasive the…prior administrative
medical finding(s) will be." *Id.* § 416.920c(c)(2). The Commissioner "will explain how
[the Commissioner] considered the supportability and consistency factors for a
medical source's…prior administrative medical findings in [the] determination or
decision." *Id.* § 416.920c(b)(2). On the other hand, the Commissioner "may, but [is]
not required to, explain how [the Commissioner] considered the [other]
factors…when…articulat[ing] how [the Commissioner] consider[ed]…prior
administrative medical findings in [the] case record[,]" *id.*, unless the Commissioner
"find[s] that two or more medical opinions or prior administrative medical findings
about the same issue are both equally well-supported … and consistent with the
record … but are not exactly the same…" *Id.* § 416.920c(b)(3).

At Step Four, the ALJ evaluated the prior administrative medical findings of
the state agency psychological consultants as follows:

> Upon both initial review and reconsideration, the state agency
> psychological consultants opined that the claimant has moderate

limitations in all areas of her mental functioning. They opined that the claimant is capable of understanding and remembering simple instructions, but would have difficulty sustaining concentration to remember detailed instructions on a consistent basis. The state agency further opined that the claimant could carry out short and simple instructions but not detailed instructions, and that the claimant could attend to simple tasks for 2 hours over an 8-hour day. They opined that the claimant would work best with a well-spaced workstation, contact with the general public should be casual and infrequent, and criticism needs to be in a non-confrontational manner. The state agency opined that the claimant would work best for a few familiar coworkers, and changes in the work setting needed to be gradual and infrequent. (Exhibit C4A; C6A). The undersigned finds the determination that the claimant has no more than moderate limitations in any area of his mental functioning to be persuasive; however, the mental limitations outlined by the state agency are not persuasive based on the objective evidence of record. As noted previously, the state agency was unable to support their opinions with the most [updated] evidence of record. While the determination that the claimant has no more than moderate limitations in any area of her mental functioning is consistent with the control of the claimant's anxiety with only medication manage and her many significant abilities on objective examinations throughout the record (Exhibit C5F; C8F; C11F), many of the work-related limitations outlined by the state agency, such as the reference to a well-spaced work environment, are vague and overly restrictive. Furthermore, while the claimant's anxiety would limit her to simple tasks, her significant abilities during the consultative psychological examination (Exhibit C8F) and her ability to perform a variety of multi-step activities of daily living (Hearing Testimony; Exhibit C5E; C8F) are not consistent with limiting the claimant to simple instructions. As many of the limitations discussed by the state agency are vague and overly restrictive given the claimant's limited mental health treatment, normal mental status findings, and significant activities of daily living, the undersigned cannot find this opinion as a whole to be persuasive.

(Doc# 12, PageID.72).

Hadley does not argue that the above persuasiveness evaluation is not

supported by substantial evidence, but rather that it "does not provide a definitive persuasiveness evaluation which the Court can rely upon." (Doc# 15, PageID.713). She argues that the ALJ's rejection of "many of the work-related limitations outlined by the state agency, such as the reference to a well-spaced work environment," as "vague and overly restrictive" was impermissibly overbroad and requires the Court "to perform guesswork in determining which functional limitations were considered to be 'vague and overly restrictive[,]' " other than the "well-spaced work environment" restriction specifically noted. (*Id.*). She specifically argues that the limitation that "criticism needs to be in a non-confrontational manner" is not vague, and that the ALJ failed to explain how that limitation was not consistent with the record evidence. (*Id.*, PageID.714-715). She also argues that the ALJ further "complicated" her reasoning by concluding her evaluation with the statement that she did not find the prior administrative medical findings "<u>as a whole</u> to be persuasive." (*Id.*, PageID.714). As Hadley asserts: "This implies that some of the opinions were persuasive, and some were not, but the ALJ did not complete the logic bridge and did not provide a sufficiently complete analysis to allow the Court to determine which limitations were persuasive and which were not persuasive." (*Id.*, PageID.715; *see also id.*, PageID.716 ("[R]eversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others. Here, the ALJ failed to perform a consistency analysis with respect to the social limitations assessed and failed to explain why they were not accounted for in the RFC." (citation omitted)).

20

The undersigned is not persuaded that the ALJ's persuasiveness evaluation is reversibly flawed. Hadley argues the ALJ was required to articulate a "logical bridge" between the evidence and her findings. However, as the Commissioner correctly points out, Eleventh Circuit precedent only requires that an ALJ "state with at least some measure of clarity the grounds for his decision," *Winschel*, 631 F.3d at 1179 (quoting *Owens*, 748 F.2d at 1516), which does not require expressly "link[ing] evidence to the RFC findings." *Sturdivant v. Soc. Sec. Admin., Comm'r*, No. 22-13952, 2023 WL 3526609, at *4 (11th Cir. May 18, 2023) (per curiam) (unpublished). The undersigned also agrees with the Commissioner that an ALJ is not required, as part of evaluating the persuasiveness of a particular medical opinion or prior administrative medical finding, to mechanically repeat evidence or findings set out elsewhere in the decision. *Cf. Mitchell*, 771 F.3d at 782 (no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as it is not a broad rejection which is not enough to enable a court to conclude that the ALJ considered the claimant's medical condition as a whole); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five." (citation omitted)). An ALJ is also not required to expressly invoke the terms "support" and "consistent" in order to satisfy the persuasiveness analysis. *See Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639

(3d Cir. 2024) ("Zaborowski objects that the administrative judge did not articulate how supportable and consistent the various doctors' opinions were. Not so. To satisfy this requirement, a judge need not reiterate the magic words 'support' and 'consistent' for each doctor. And the administrative judge did weave supportability and consistency throughout her analysis of which doctors were persuasive."); *Woods v. Kijakazi*, 32 F.4th 785, 793 & n.4 (9th Cir. 2022) (affirming ALJ's persuasiveness analysis despite imprecise use of terms because the ALJ's meaning was "clear from context"). *Cf. Dyer*, 395 F.3d at 1210 (explaining that this Circuit does not require an "explicit finding as to credibility" when the ALJ considers a claimant's subjective complaints of pain and other symptoms, nor does the determination "need to cite "particular phrases or formulations" (quotations omitted)).

At Step Four, prior to addressing the medical opinions and prior administrative medical findings of record in her decision, the ALJ thoroughly discussed the objective evidence of record, then explained as follows how the objective evidence supported the RFC's mental limitations:

> The claimant received treatment for anxiety through her primary care provider, and though it has been described as severe, it is routinely noted to be stable on her prescribed medications. (Exhibit C5F; C8F; C11F). The claimant has not sought any inpatient or outpatient treatment. Furthermore, despite some abnormalities on the consultative psychological examination, many normal findings were noted, including satisfactory interaction with the office staff, proper orientation, and adequate attention and concentration. (Exhibit C8F). Other treatment records note intact memory and adequate insight and judgment (Exhibit C6F; C10F), and the claimant reports the ability to perform a variety of multi-step activities of daily living. (Exhibit C5E; C8F). Therefore, the record supports the determination that the claimant can perform simple, routine tasks with occasional workplace

22

changes. Furthermore, she can tolerate occasional interaction with the general public, and can sustain concentration and attention for two-hour periods with customary breaks.

(Doc# 12, PageID.71).

That determination, considered in conjunction with the ALJ's persuasiveness analysis of the state agency psychological consultants' findings, provide a sufficient "measure of clarity" as to the grounds for the ALJ rejecting the more restrictive parts of those prior administrative findings. With regard to the "non-confrontational criticism" limitation specifically, it is reasonably apparent that the ALJ found that limitation not fully consistent with Hadley's documented ability to "satisfactory[il]y interact[] with the office staff" during medical visits. Hadley has not challenged any of the ALJ's findings as to the objective medical evidence, and the undersigned finds that at least substantial evidence supports the ALJ's decision to find the state agency psychological consultants' findings only partially persuasive, an evidentiary burden the Supreme Court has confirmed is "not high." *Biestek*, 587 U.S. at 103.[15]

No reversible error having been shown, the Court finds that the Commissioner's final decision denying Hadley's application for benefits is due to be **AFFIRMED**.

---

[15] The undersigned finds the ALJ's labeling the state agency psychological consultants' more specific limitations as "vague" to be questionable. However, because the ALJ articulated sufficient grounds, supported by substantial evidence, for rejecting those limitations as "overly restrictive" compared to the objective evidence of record, the undersigned need not delve further into the "vagueness" justification.

## V.    *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Hadley's November 24, 2021 SSI application is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Judgment in accordance with this order shall hereafter be set out by separate document, in compliance with Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the **29th** day of **September 2025**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

24